# United States District Court
## CENTRAL DISTRICT OF ILLINOIS



**FILED**
OCT 26 2023
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Terrell Davis ,
                    )
                    )
    Plaintiff       )
                    )
vs.                 )       Case No. _____
                    )       (The case number will be assigned by the clerk)
RHU officer Thomas, Individual )
in custody Montrell Spencer #B90090, )
State of Illinois Department of )
Corrections, officer Arnett, )
Sued in their individual )
and official capacity )
                    )
                    )
                    )
    Defendant(s)    )

(*List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format*).

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

[X]  42 U.S.C. §1983 (state, county or municipal defendants)

[ ]  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ]  Other federal law: _____

[ ]  Unknown _____

---

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

    Full Name: Terrell Davis

    Prison Identification Number: Y25900

    Current address: P.O. Box 999 Canton, IL 61542

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

    Defendant #1:

        Full Name: Officer Thomas

        Current Job Title: RHU Officer

        Current Work Address: 1300 Locust Canton, IL 61542

    Defendant #2:

        Full Name: Officer Arnett

        Current Job Title: Officer for R4 house

        Current Work Address: 1300 Locust Canton, IL 61542

    Defendant #3:

        Full Name: Montrell Spencer #B90090

Current Job Title: Individual in custody

Current Work Address N/A

Defendant #4:

Full Name: State of Illinois Department of Corrections

Current Job Title: Department of Corrections

Current Work Address N/A

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒    No ☐

C. If your answer to B is yes, how many? __1__  Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
   Terrell Davis v. Nurse Jayne et al., No. 23cv01668

2. Basic claim made  medical needs not being adequate.

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  Case was dismissed

*For additional cases, provide the above information in the same format on a separate page.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒  No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?  Yes ☒  No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  R4 cell 23 and TV room in 5 house

Date(s) of the occurrence  June 30, 2023 and August 15, 2023

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

On 6-30-2023 between 9:45 AM and 10:30 AM in R4 house cell 23, while waiting for chow line, Montrell Spencer #90090 entered my cell with a razor blade. This situation was the same as the 2002 Cantu v. Jones for a razor blade attack that resulted in 52 stitches or the Hutchinson vs. McCabee where he was awarded $392,000 for permanent injury that limited his future ability to work. I have blurred vision, partial loss of hearing, constant pain in my neck and hand, these are all spots where stabbings occurred. Even though the officers were aware of a previous attack they ignored it and ignored my concerns for my safety prior to this attack. They knew of and disregarded an excessive risk to my health and safety, thus displaying "deliberate indifference" and "reckless disregard" for safety by failing to "act reasonably" in response to danger. Officer Arnett was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he did not draw the inference. This prisoner who had assaulted multiple other prisoners and tries to cause mob violence presented an obvious risk. The second situation is after we were both taken to RHU, the prison procedure after a fight is that

A keep separate from (KSF) is issued to prevent future violence or fights. You are to be housed in a separate house of the prison. Yet, on August 15, 2023. This was a month in a half after me being viciously attacked and stabbed. RHU officer Thomas brought me out of the cell for T.V. Time, moments later He brought in Mr. Spencer my attacker into the same cell for T.V. Time. Mr. Spencer repeatedly tells Him we have a "KSF" He chose to ignore him. So I let him know also we can't be around each other, Thomas ignored me also. Me and my "KSF" stayed there for one hour. I couldn't watch T.V. Mr. Spencer grilled me for the entire hour. He continually asked me if he was going to be charged or did I press charges. One and a half months after the attack I'm looking into my attackers eyes and sitting helpless and afraid, waiting for the hour to end. I am suing Montrell Spencer #B90090 in his Individual Capacity. Officer Thomas came in after officers got on him about putting us in the cell together, Yet, he knew because He and Mr. Spencer had a relationship and due to the conversation I know Mr. Thomas put us together purposely. For these reasons I am suing him in his official and Individual capacity. Officers tell us file a Grievance it won't go anywhere and They are correct Grievance officer dennis denies everything. I am suing Officer arnett in his official capacity for failing to be on his assigned deck, during chow time which is mandated by the State of Illinois. State of Illinois Department of Corrections are Liable as this is were I am being housed and They are to protect my health and Safety at all times I am suing in their official capacity. This has caused mental and emotional Injury, as well as "physical Injuries", nearly costing me my life, which is why I bring forth this claim for "Deliberate Indifference," and "failure to Protect."

Page 6

7

## RELIEF REQUESTED

(State what relief you want from the court.)

I would like for this court to give me Injuctive Relief in the form of a transfer from this prison. I want actual and punitive damages with the court to decide the amount, it's more about prevention in the future than dollar amount. any such and further damages that the court deem Fair and Just.

JURY DEMAND    Yes [X]    No [ ]

Signed this 17th day of October, 20 23.

(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Terrell Davis | Y25900 |
| Address: | Telephone Number: |
| P.O. Box 999 Canton, IL 61542 | |

Terrell Davis (Y25900)
Illinois River C.C.
P.O. Box 999 Canton, IL 61520



THIS CORRESPONDENCE IS FROM AN INMATE OF THE ILLINOIS DEPARTMENT OF CORRECTIONS

Springfield Division
600 E. Monroe St.
Springfield, ILLINOIS
62701